STATE OF TEXAS and Texas Department of Transportation, By and Through the Texas Transportation Commission

v.

KNIGHTS OF the KU KLUX KLAN, James R. Hall, Jr., Individually and as a Representative of the Knights of the Ku Klux Klan, Michael D. Lowe, Individually and as a Representative of the Knights of the Ku Klux Klan.

Civ. A. No. 1:94CV56.

United States District Court,
E.D. Texas,
Beaumont Division.

April 29, 1994.

Joe K. Crews, Sp. Asst. Atty. Gen., Austin, TX, for plaintiffs.

Anthony P. Griffin, Galveston, TX, for defendants.

## SUMMARY JUDGMENT

JOE J. FISHER, District Judge.

The issue presented in this action for declaratory judgment is whether Defendants have a First Amendment right to participate in Texas' Adopt–A–Highway Program. To resolve this issue it must first be determined whether participation in the Adopt–A–Highway program is "speech" protected by the First Amendment. Assuming that such participation is protected "speech," the court must then identify the nature of the forum used.[1] Finally, the court must then determine whether justifications for exclusion

---

1. "The existence of a right of access to public property and the standard by which limitations upon such a right must be evaluated differ depending on the character of the property at issue." *Perry Educ. Ass'n. v. Perry Local Educators' Ass'n.*, 460 U.S. 37, at 44, 103 S.Ct. 948, at 954, 74 L.Ed.2d 794 (1982).

from the forum would satisfy the requisite standard.

Applying the analysis above, this court holds that the Knights of the Ku Klux Klan do not have a first amendment right to participate in Texas' Adopt–A–Highway Program.

## STATEMENT OF FACTS

The Adopt–A–Highway Program is a litter abatement program that is coordinated and administered by the Texas Department of Transportation. The program allows members or employees of civic and non-profit organizations, and of commercial and private enterprises, an opportunity to support the department's anti-litter programs by adopting a section of highway for the purpose of controlling and reducing litter on the adopted section. 43 TAC Section 25.801 et. seq. In exchange for participation in the Adopt–A–Highway Program, the Texas Department of Transportation places the participating group's name on a sign along the adopted stretch of highway, thereby providing the group with a forum in which to advertise and promote its name and/or views.

On December 10, 1993, the Defendants, Michael D. Lowe and James R. Hall, Jr., acting on behalf of the Knights of the Ku Klux Klan, hereafter the Ku Klux Klan, filed an application with the Texas Adopt–A–Highway Program. Defendants applied to adopt a specific stretch of Highway 105 in or near Vidor, Texas, or Highway 12 in or near Vidor, Texas.

Vidor, approximate population 11,000, is the cite of a 74–unit federally subsidized housing complex. According to *Young v. Pierce*, 685 F.Supp. 986 (E.D.Texas 1988), the U.S. Department of Housing and Urban Development (HUD) is required to desegregate federally subsidized housing in thirty-six Texas counties. Among those housing complexes to be desegregated is the 74–unit complex in Vidor (hereafter the Vidor housing complex).

The Department of Transportation has taken no action to approve or deny the application. The State of Texas and Texas Department of Transportation, obviously aware of ongoing efforts to desegregate the Vidor Housing Complex, initiated this Declaratory Judgment Action in response to the Ku Klux Klan's application.

## DISCUSSION

■ The First Amendment guarantees freedom of speech.[2] In guaranteeing this freedom, the Supreme Court has long recognized "speech" to include expressive conduct. In determining whether a given act is expressive conduct, and therefore subject to first amendment protection, it must be found that "[a]n intent to convey a particularized message was present, and in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." *Spence v. Washington*, 418 U.S. 405, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974).

■ It is the opinion of this court that the Ku Klux Klan, by participating in the Adopt–A–Highway Program in Vidor, is attempting to intimidate minority residents and prospective residents of the Vidor housing complex, thereby disrupting any desegregation of the Vidor housing complex. Given the surrounding circumstances, the message of the Ku Klux Klan is clearly expressive conduct subject to the First Amendment.

■ Irrespective of the first amendment freedoms, there is no absolute right to free speech. For the Government to enforce a content-based exclusion of speech in a public forum[3], it must show that its regulation is necessary to serve a compelling state interest

2. "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." United States Constitution, Amendment I.

3. Highway rights-of-way, as used in the Adopt–A–Highway Program, are either public fora or designated public fora. This court does not find it necessary, in this case, to determine with certainty the specific type of public forum being used; both are bound by the same standard. See *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 103 S.Ct. 948, 74 L.Ed.2d 794 (1982); *Knights of the Ku Klux Klan v. Arkansas State Highway and Transportation Dept.*, 807 F.Supp. 1427 (W.D.Ark.1992).

960

and that it is narrowly drawn to achieve that end. See *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 103 S.Ct. 948, 74 L.Ed.2d 794 (1982); and *Carey v. Brown* 447 U.S. 455, 100 S.Ct. 2286, 65 L.Ed.2d 263 (1980).

The State's compelling interests in denying the Ku Klux Klan's application are to better facilitate the Government's program of desegregation in the Vidor housing complex and to adhere to the prohibition of discrimination as set forth in 42 U.S.C. Section 2000d, et seq. In *Young v. Pierce,* supra, the Honorable William Wayne Justice directed HUD to implement an affirmative action tenant-assignment program for the traditional low-rent projects within its control in thirty-six Texas counties. This injunction was in response to HUD's failure to rectify past segregation and its violation of Title VI of the 1964 Civil Rights Act. 42 U.S.C. Sections 2000d et seq. The city of Vidor and HUD, in attempting to adhere to the injunction set forth in *Young v. Pierce,* have moved several black families into the Vidor housing complex.

It is the opinion of this court that the Ku Klux Klan has applied to adopt a highway as subterfuge to intimidate those minority residents already living in the Vidor housing complex and to discourage any further desegregation. Subsequently, the Ku Klux Klan's adoption of Highway 105 in or near Vidor, Texas or Highway 12 in or near Vidor, Texas, would have a detrimental impact on the desegregation of the Vidor housing complex as required by *Young v. Pierce.*

Furthermore, the State of Texas receives federal funding for its highways. By receiving these Federal Highway Administration funds, the State is prohibited from awarding contracts or conferring benefits on persons or groups who are not equal opportunity employers, or who discriminate against any protected group. 42 U.S.C. Sections 2000d, et seq.

The Ku Klux Klan discriminates against minorities. Consequently, the State of Texas and the Texas Department of Transportation, by granting the Ku Klux Klan's application, would be in violation of Title VI of the Civil Rights Act of 1964 and would be subject to losing federal funding for state highways.

For these reasons, the court finds that there is a compelling state interest which outweighs the Ku Klux Klan's first amendment right to participate in the adopt-a-highway program in or near Vidor, Texas.

CONCLUSION

The court concludes that there is no genuine issue of any material fact important to a determination of the issues before the court, and that, for this reason, summary judgment is appropriate. Fed.R.Civ.P. 56(c). Therefore, it is hereby DECLARED that the State of Texas and the Texas Department of Transportation have no legal obligation to grant Defendants' application to the Adopt–A–Highway Program for adoption of a stretch of Highway 105 in or near Vidor, Texas, or Highway 12 in or near Vidor, Texas. Furthermore, it is DECLARED that the first amendment rights of the Knights of the Ku Klux Klan, with regard to their right to participate in the Adopt–A–Highway Program, are outweighed by the compelling state interests set forth above.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment is GRANTED and Defendants' Motion for Summary Judgment is DENIED.